**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MOHAMMED NURUZZAMAN, | No. 11-70895 |
| Petitioner, | Agency No. A072-530-340 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2014[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and BERZON, Circuit Judges.

Mohammed Nuruzzaman, a native and citizen of Bangladesh, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) denial of his applications for asylum and withholding of

deportation. Nuruzzaman challenges the IJ's adverse credibility finding and the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

exclusion of two of his documents. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition and remand to the BIA.

Where, as here, the BIA summarily affirms the IJ without opinion, we review the IJ's decision. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). Nuruzzaman filed his asylum application before the effective date of the REAL ID Act. REAL ID Act, Pub. L. No. 109-13, § 101(h) (2005). Therefore, the pre-REAL ID Act standards govern our review of the IJ's adverse credibility finding. Therefore, "minor inconsistencies that do not go to the heart of an applicant's claim for asylum cannot support an adverse credibility determination." *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005).

The IJ pointed to two main inconsistencies to support her adverse credibility finding. Nuruzzaman initially testified that Bangladesh's national parliamentary election took place in March of 1988 but later testified that it took place in February of that year. Additionally, Nuruzzaman switched the order of two attacks; he initially testified that a rickshaw attack occurred before a bombing incident, but later reversed the order of the two events. These two inconsistencies do not alter the fact that Nuruzzaman testified to significant involvement with the Freedom Party and multiple episodes of violence. Whether the election took place in February or March, or whether the bombing or rickshaw incident occurred first,

2

does not change the core of Nuruzzaman's fear for his safety. The precise timing and order of the events is not relevant to Nuruzzaman's claims of persecution, and thus the inconsistencies do not go to the heart of his claims. *See Vilorio-Lopez v. I.N.S.*, 852 F.2d 1137, 1142 (9th Cir. 1988).

Additionally, these inconsistencies may be attributable to translation problems. At one point during Nuruzzaman's deportation proceeding, the interpreter explained to the IJ, "Maybe I don't understand him or he doesn't understand me." The interpreter later stated, "Your Honor, I do not understand myself what he's saying." When addressing the discrepancy regarding the order of the bombing and the rickshaw incidents, Nuruzzaman himself stated that the previous conversations were "sometimes in Bengali, sometimes in English[,] so maybe I didn't understand." We have held that "minor discrepancies in dates that are attributable to the applicant's language problems . . . and cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility." *Damaize-Job v. I.N.S.*, 787 F.2d 1332, 1337 (9th Cir. 1986). Because of these translation issues, and because the precise order of the events is not material to Nuruzzaman's fear for his safety, the inconsistencies cannot form the basis of an adverse credibility determination.

The additional reasons cited by the IJ in support of her adverse credibility finding all constitute improper speculation or conjecture. "Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence." *Shah v. I.N.S.*, 220 F.3d 1062, 1071 (9th Cir. 2000). It was improper speculation for the IJ to conclude that "[a]nyone who is unable to immediately say why the Awami League would not like the Freedom Party lacks credibility." The IJ further stated, without evidentiary basis, that: "[Nuruzzaman's] assertion that the police would go to his parent's home to look for him and be unsuccessful when they never once looked for him at his business or his party office again strains credulity." Instead, this comment is based on pure speculation regarding police protocol in Bangladesh in the late 1980s and early 1990s. Lastly, in support of her credibility finding, the IJ stated: "In the Court's opinion, [Nuruzzaman] was not speaking as would be consistent with an individual who was nominated and stood for national election as a representative of a political party." This again is based on nothing more than speculation and conjecture—the IJ's own perception of how a national election candidate in Bangladesh should speak.

The parties agree that the IJ excluded two of Nuruzzaman's documents solely because Nuruzzaman failed to satisfy the requirements of 8 C.F.R. § 287.6.

4

One excluded document was titled "Charge-Sheet," and the other was titled "First Information Report." The IJ erred by excluding these documents for lack of authentication without allowing Nuruzzaman the opportunity to testify to the documents' authenticity. *Vatyan v. Mukasey*, 508 F.3d 1179, 1185 (9th Cir. 2007) (holding that "the IJ must consider [the applicant's] testimony as evidence that is relevant to the issue of the documents' authenticity"). The IJ's error was not harmless because the excluded documents are relevant to Nuruzzaman's political affiliation in 1988 in his district of Barisal. *See id.* ("Had the IJ appropriately considered [the applicant's] testimony and found it sufficient to authenticate the relevant documents, he might have arrived at the opposite conclusion regarding [the applicant's] credibility and the merits of his asylum claim.").

Substantial evidence does not support the IJ's adverse credibility finding, and the IJ erred in excluding Nuruzzaman's "Charge-Sheet" and "First Information Report" without allowing him the opportunity to testify to the documents' authenticity. We therefore grant the petition and remand for reconsideration of Nuruzzaman's claims, taking his testimony as true and in accordance with this disposition.

**Petition GRANTED and REMANDED.**